UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

October 8, 2020

LETTER TO COUNSEL

    RE:    *Tyheia S. v. Saul*
           Civil No. DLB-19-1378

Dear Counsel:

    On May 10, 2010, plaintiff Tyheia S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and plaintiff's reply. ECF Nos. 20 ("Pl.'s Mot."), 22 ("Def.'s Mot."), 23 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    Plaintiff protectively filed her claims for benefits on October 13, 2009, alleging a disability onset date of July 19, 2009. Administrative Transcript ("Tr.") 143-49. Her claims were denied initially and on reconsideration. Tr. 64-68, 72-75. Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), Tr. 24-54, the ALJ issued an unfavorable decision, Tr. 8-20, and the Appeals Council denied plaintiff's request for review, Tr. 1-4. Plaintiff then filed a complaint in this Court, and the case was remanded back to the SSA for further administrative proceedings. Tr. 738-41. After a new hearing on October 28, 2015, Tr. 657-720, the ALJ issued another unfavorable decision, Tr. 749-61. Plaintiff filed written exceptions with the Appeals Council, and the Appeals Council assumed jurisdiction and again remanded the case for further proceedings. Tr. 771-72. Following plaintiff's final hearing on July 12, 2017, Tr. 595-656, the ALJ again determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 572-84. The Appeals Council declined to assume jurisdiction, Tr. 562-68, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

    The ALJ found plaintiff suffered from the severe impairments of "obesity, asthma, bipolar affective disorder, social anxiety disorder, obsessive/compulsive disorder, and anxiety."

*Tyheia S. v. Saul*
Civil No. DLB-19-1378
October 8, 2020
Page 2

Tr. 576. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except there is no more than frequent postural activity. She can do simple, routine, and repetitive tasks. She will be off-task two percent of the time. There is no more than occasional interaction with coworkers and supervisors and no interaction with the general public. There is no more than occasional exposure to atmospheric irritants, such as dusts, fumes, odors, and gases. There is no more than occasional exposure to temperature extremes. There is no work at exposed heights.

Tr. 578. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff had no past relevant work but could perform jobs existing in significant numbers in the national economy. Tr. 582-83. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 584.

On appeal, plaintiff challenges the ALJ's RFC assessment and step-five determination. Pl.'s Mot. 10-19. Plaintiff advances two arguments: (1) The ALJ failed to explain the finding that plaintiff would be off task 2% of the workday, and (2) The VE's hearing testimony does not provide substantial evidence to support the limitation. *Id*. I agree. In remanding for further explanation, I express no opinion as to whether the ALJ's conclusion that plaintiff is not entitled to benefits is correct.

<u>The ALJ's finding that plaintiff would be off task 2% of the workday requires explanation.</u>

Plaintiff is correct that the ALJ's decision lacks an explanation for the conclusion that she "[would] be off task 2% of the time." Tr. 578. The ALJ noted that "[plaintiff] can do simple, routine, and repetitive tasks and will be off-task two percent of the time, which accommodates decreases in concentration and focus due to mental symptomatology such as racing thoughts." Tr. 580. For support, the ALJ cited to three medical records that noted "racing thoughts," but these records do not discuss the duration or effects of plaintiff's racing thoughts. *See* Tr. 314, 317, 324. The ALJ also noted he "found [plaintiff] would be off-task two percent of the time to accommodate the mental symptomology, which improves, but does not resolve with medication." Tr. 581. The evidence cited by the ALJ throughout the decision suggests plaintiff may have difficulty staying on task throughout an entire workday and workweek. Nothing about that evidence, however, establishes a clear basis for the ALJ's determination that plaintiff would be off task 2% of the time, specifically. *See, e.g.*, Tr. 577 (finding plaintiff had a moderate limitation in her ability to concentrate, persist, and maintain pace), 579 (noting mental status examinations' documentation of "fair to good attention and concentration" but also "hallucinations, paranoia, depressed mood, psychomotor slowing, racing thoughts, obsessive behavior and thoughts, crying spells, and irritability"), 580 (noting plaintiff's symptoms improve with medication but "do not completely resolve"). The ALJ found plaintiff's ability to

*Tyheia S. v. Saul*
Civil No. DLB-19-1378
October 8, 2020
Page 3

occasionally drive, attend classes, and act as a companion for an elderly woman demonstrated "some degree of concentration, persistence, and pace." Tr. 581. The State agency consultants also found plaintiff had moderate limitations in concentration, persistence, and pace. Tr. 779, 791. The consultants noted plaintiff "may have some difficulty w/ sustained attention and concentration [and] may experience occasional interference during the workday/week due to psychologically-based symptoms." Tr. 794.

The Commissioner argues substantial evidence supports the ALJ's RFC assessment. Def.'s Mot. 6-10. The Commissioner may be correct, but the ALJ failed to explain how he calculated plaintiff's time off task. The Court is not positioned to determine, in the first instance, whether plaintiff would be off task 2%, 5%, 10%, or another percentage of time.

The Commissioner further contends an ALJ is not "required to follow a precise mathematical formula for calculating the exact percentage of time" a claimant would be off task and that he need not support his finding with "a specific opinion with the specific figure." Def.'s Mot. 6. However, as Judge Gallagher recently explained,

> [A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday. However, where, as here, the evidence substantiates difficulty with sustained concentration and the ALJ renders a conclusion regarding a precise percentage, the ALJ must explain and support that conclusion with substantial evidence.

*Kane v. Comm'r, Soc. Sec. Admin.*, SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018).

Because the ALJ did not explain the assignment of a precise percentage of time off task and that percentage was a critical part of the disability determination, remand is appropriate.

<u>The ALJ's utilization of the VE's unclear testimony in step five renders the determination unreviewable for substantial evidence.</u>

In this case, the ALJ relied on VE testimony to support the step-five determination. At the hearing, the ALJ presented the VE with a hypothetical, which included a 5% off-task limitation. Tr. 650. The VE then proffered three representative jobs such a hypothetical individual could perform but qualified his statement by suggesting this individual may have difficulty maintaining employment over time. Tr. 651, 653. The VE further testified being off task 10% of the time "would definitely preclude competitive employability." Tr. 653. The ALJ did not present a hypothetical including a 2% off-task limitation, and the VE did not testify about the employability of an individual who is off task 2% of the workday.

Plaintiff argues the hypothetical and VE testimony, which did not reflect plaintiff's actual RFC, infected the ALJ's step-five determination with reversible error. Pl.'s Mot. 18-20. The

*Tyheia S. v. Saul*
Civil No. DLB-19-1378
October 8, 2020
Page 4

Commissioner asserts the ALJ did not commit error by providing the VE with a mismatched hypothetical and RFC "because the limitation posed to the VE was more restrictive than the one included in the RFC."  Def.'s Mot. 14.  The Commissioner thus concludes, as a matter of logic, finding an individual off task 5% of the time is not disabled necessarily implies an otherwise identical individual off task 2% of the time is not disabled.  *Id*.  Plaintiff and the Commissioner disagree not about the logic but about the meaning of the VE's testimony.  *See* Pl.'s Mot. 20 ("Given the vocational expert's testimony that employers would not tolerate a sustained five percent reduction of productivity without improvement, it was imperative for the ALJ to have determined whether the two percent reduction on a regular and continuing basis, as included in the RFC, would be just as problematic.") (internal citation omitted); *but see* Def.'s Mot 12-13 ("[The VE] stated just the opposite, and testified five percent time off task would be within employer tolerance….The VE went on to state that five percent time off task eventually may become problematic if improvement were not demonstrated over the course of the first year of employment.")).  The meaning of the VE's testimony is material because the ALJ relied on it in determining plaintiff was not disabled.  Tr. 583.  Because I find the VE's testimony ambiguous, I am unable to review the ALJ's step-five determination for substantial evidence.  Remand for further clarification is appropriate.

In response to a question about whether being off task 5% of the time was "within employer tolerances," the VE stated:

> It is.  And the way I – based on my experience, typically you have three categories of employees.  You have marginal employees, average employees and above average.  And the 5% primarily would fall within the marginal category, based on my professional opinion.  However, if that continued at a particular six month or a 30, 60, 90, six months or a year rate where improvement wasn't demonstrated, that eventually may become problematic.  But at the onset the 5% is tolerable.

Tr. 653.  The Commissioner reads this testimony to mean such a hypothetical individual could sustain employment "over the course of the first year."  Def.'s Mot. 13.  Plaintiff contends the individual described is disabled.  Pl.'s Mot. 20.  This Court is not able to resolve the disagreement on the current record.  When exactly this individual would be vulnerable to termination, and what the vulnerability would mean for this individual's capacity to perform work, is unclear.  More to the point, what this individual's abilities communicate about plaintiff's status is not clear.  The lack of clarity precludes meaningful review by this Court and necessitates remand.

*Tyheia S. v. Saul*
Civil No. DLB-19-1378
October 8, 2020
Page 5

For these reasons, plaintiff's motion for summary judgment, ECF No. 14 is DENIED, and defendant's motion for summary judgment, ECF No. 19, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                                Sincerely yours,

                                                        /s/

                                                Deborah L. Boardman
                                                United States Magistrate Judge